## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CARA CHIAPPA and DAN ALFONSO, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action File No. |
| | ) | 1:20-CV-00847-TWT |
| CUMULUS MEDIA INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT CUMULUS MEDIA INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

ERISA requires plan administrators to establish written plans and ensure that the plan is "maintained pursuant to [that] written instrument."[1]  Defendant Cumulus Media Inc.'s ("Cumulus") motion to dismiss seeks to enforce the terms of the Cumulus Media 401(k) Plan (the "Plan"), which says: "If you do not file a claim or exhaust the claims review process for any reason, any lawsuit must be filed within 12 months of the date of the conduct at issue in the lawsuit."[2]  There's no dispute that Plaintiffs (and their counsel) had the Plan document prior to filing this lawsuit

---

[1] 29 U.S.C. §1102(a)(1); US Airways, Inc. v. McCutchen, 569 U.S. 88, 101 (2013) ("The plan, in short, is at the center of ERISA.").
[2] Summary Plan Document ("SPD"), Dkt. 19-3 at 20.

and did not file a claim or exhaust the Plan's review process.[3]  So, Cumulus's motion to dismiss requests the dismissal of Plaintiffs' claims to the extent they are based on conduct that occurred prior to February 24, 2019 (one year before this case was filed) and, relatedly, the dismissal of Plaintiff Chiappa for lack of standing (because she ceased to be a participant in 2016).

Helpfully, Plaintiffs' response concedes that if the Court enforces the Plan's limitations provision, Chiappa lacks standing.[4]  Less helpful is Plaintiffs' emphasis on reasons why the Court should excuse their failure to exhaust the Plan's administrative remedies and why exhaustion was not required.  None of that matters because Cumulus did not move to dismiss Plaintiffs' Complaint for failing to exhaust the Plan's internal review procedures (and does not assert those grounds here, either).  The dispositive question of law presented in Cumulus's motion to dismiss is whether the Plan's contractual limitations provision is enforceable.  As explained below, U.S. Supreme Court and Eleventh Circuit precedent support enforcing the terms of the Plan as written and doing so would promote ERISA's requirement that fiduciaries act in "accordance with the documents and instruments governing the plan."[5]

---

[3] Compl. ¶ 9; Response Br. at 3–7, Dkt. 22 at 7–11.
[4] See Response Br. at 14, Dkt. 22 at 18.
[5] ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

Accordingly, the Court should dismiss the claims asserted in Plaintiffs' Complaint to the extent they are based on conduct that occurred prior to February 24, 2019 (which, Plaintiffs concede, also requires dismissal Chiappa's claims for lack of standing).

## **ARGUMENT**

A. The Plan's one-year limitations period for unexhausted claims is enforceable and reasonable.

Plaintiffs cite no authority for their proposition that contractual limitations periods in ERISA plan documents are limited to benefits claims brought under ERISA § 502(a)(1)(B), let alone that that their application to breach of fiduciary duty claims under ERISA § 502(a)(2) would create a conflict with the statute.  Plaintiffs instead contend that enforcement of the Plan's one-year limitations period for unexhausted claims would be "particularly egregious" because the otherwise applicable repose period is six years and, in addition, that doing so would "conflict[] with ERISA and strong judicial policy."[6]  But there is nothing sacrosanct about the statutory limitations period allegedly applicable to Plaintiffs' claims.  Recently, in Secretary, U.S. Department of Labor v. Preston, the Eleventh Circuit held that the six-year repose period contained in ERISA Section 413(1)[7] may be waived (and thus

---

[6] See Response Br. at 13-14, Dkt. 22 at 18.
[7] 29 U.S.C. § 1113(1).

3

extended) by agreement.[8]   The court thereby distinguished ERISA's limitations provisions from limitations periods in other federal statutes—like Title VII—that are substantive rights that may not be prospectively waived.[9]  To the contrary, an ERISA plan "is nothing more than a contract."[10]  In Heimeshoff the Supreme Court adopted this view and emphasized the "principle that contractual limitations provisions ordinarily should be enforced as written is especially appropriate when enforcing an ERISA plan."[11]

Accordingly, just as ERISA's statutory limitations period may be lengthened by agreement, it may also be shortened by agreement under the Supreme Court's "Wolfe rule":

> [I]t is well established that, in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period.[12]

---

[8] Sec'y, U.S. Dep't. of Labor v. Preston, 873 F.3d 877 (11th Cir. 2017).

[9] Alexander v. Gardner-Denver Co., 415 U.S. 36 (1974) (Title VII rights cannot be prospectively waived); Logan v. MGM Grand Detroit Casino, 939 F.3d 824 (6th Cir. 2019) (holding that that a contractual provision that shortens the limitation period for bringing a Title VII claim is unenforceable, while recognizing that contractual limitation periods for ERISA claims are enforceable).

[10] Northlake Reg'l Med. Ctr. v. Waffle House Sys. Emp. Benefit Plan, 160 F.3d 1301, 1303 (11th Cir. 1998).

[11] Heimeshoff v. Hartford Life & Acc. Ins. Co., 571 U.S. 99, 108 (2013).

[12] Order of United Commercial Travelers of Am. v. Wolfe, 331 U.S. 586, 608 (1947).

In <u>Heimeshoff,</u> the Supreme Court applied the <u>Wolfe</u> rule to an ERISA plan and suggested that, for the purposes of <u>Wolfe</u>, a "controlling statute to the contrary" means an express statutory prohibition against agreements that substitute a shorter limitation period.[13]

Here, ERISA doesn't have any prohibition on agreements to shorten its limitations periods.  As the <u>Preston</u> court put it:

> [A]bsent some affirmative indication of Congress' intent to preclude waiver, courts are to presume federal statutory provisions are subject to waiver by voluntary agreement of the parties. . . .  Why a different rule for ERISA's statute of repose? What makes it so special?[14]

There is no conflict between ERISA and the Plan's one-year period.  The Plan's one-year period is reasonable, both under Eleventh Circuit law and because it only applies to situations, like this one, where the plan participant chooses not to submit his or her claims to the administrative process.  Enforcing it furthers ERISA's emphasis on applying the Plan's terms uniformly and the Eleventh Circuit's judicial

---

[13] <u>Heimeshoff,</u> 571 U.S. at 107 (citing <u>La. & W. R. Co. v. Gardiner,</u> 273 U.S. 280, 284 (1927) (contractual provision requiring suit against common carrier within two years and one day after <u>delivery</u> was invalid under controlling statute "declar[ing] unlawful any limitation [on suits against common carriers] shorter than two years from the time <u>notice</u> is given of the disallowance of the claim").

[14] <u>See,</u> <u>Preston,</u> 873 F.3d at 886 (internal quotations omitted).

policy of requiring all ERISA claims to go through the Plan's administrative process before proceeding to litigation.[15]

B.   Plaintiffs' excuse and futility arguments are irrelevant and miss the mark in any event.

The bulk of Plaintiffs' response brief is devoted to irrelevant arguments that seek to excuse their failure to exhaust the Cumulus Plan's internal review procedures.  In particular, Plaintiffs argue that (1) the Plan documents do not contain an adequate description of the internal review process and (2) even if they did, any attempt by Plaintiffs to submit their claims through the Plan's internal review process would have been futile.[16]   Both arguments—even if relevant—fail as a matter of settled law.

First, contrary to Plaintiffs' bald assertion, the documents governing the Plan describe the internal review process. The SPD attached to Cumulus's motion to dismiss[17] plainly conveys the information required by the federal regulations,[18] including a description of the administrative review process,[19] an explanation of

---

[15] Lanfear v. Home Depot, Inc., 536 F.3d 1217, 1223–25 (11th Cir. 2008) (holding that breach of fiduciary duty claims brought under ERISA § 502(a)(2) are subject to exhaustion).

[16] See Response Br. at 8–12, Dkt. 22 at 12–16.

[17] See SPD, Dkt. 19-3.

[18] See 29 C.F.R. § 2520.102-3(s).

[19] See SPD, Dkt. 19-3 at 19, § X(A)(1), "Claims Procedures" (stating that "[a] plan participant or beneficiary may make a claim for benefits under the Plan . . . [which]

when and how the Plan administrator decides claims,[20] a description of information

needed to perfect claims and any appeals that are taken from adverse decisions.[21]

The SPD likewise explains the separate limitation periods that apply to claims that

have been exhausted through the Plan's internal review procedures versus claims

that have not been exhausted.[22]

This is more than sufficient to establish the availability of administrative

remedies.[23]   Indeed, the Eleventh Circuit has repeatedly rejected attempts to trigger

the narrow futility exception by placing a crabbed reading on ERISA plan documents

that describe administrative review procedures[24]—as Plaintiffs do by interpreting the

---

must be submitted to the Plan Administrator in a form and manner acceptable to the Plan Administrator").

[20] Id. (noting that the claimant would receive "the specific reasons for the denial" in writing, with "reference to the specific provisions of the Plan on which the determination is based").

[21] Id. (as "a description of additional material or information necessary for the claimant to perfect the claim and an explanation of why it is required, and information about the steps that must be taken to submit a timely request for review, including a statement of [the participant's] right to bring a civil action under Section 502(a) of ERISA following as adverse determination upon review"); see also id. § X(A)(2), "Review Procedures."

[22] Id. § X(C).

[23] See also Lanfear, 536 F.3d at 1224.

[24] See, e.g., Spivey v. S. Co., 427 F. Supp. 2d 1144, 1151–52 (N.D. Ga. 2006) ("What is more, in at least two reported cases, the [Eleventh] Circuit either enforced or acknowledged a participant's duty to exhaust prior to bringing 'statutory' claims where the language of the relevant plan, like here, could be read as limiting the administrative process to claims for benefits.") (citation omitted); Curry v. Contract Fabricators Inc. Profit Sharing Plan, 891 F.2d 842, 845 n.3 (11th Cir. 1990),

SPD to cover only claims for the recovery of benefits and not breach of fiduciary duty claims.[25]  Plaintiffs' reliance on Wallace v. Oakwood—a Sixth Circuit case—to evade the same result is misplaced because there the plan documents failed to contain any description of an internal review procedure.[26]

Plaintiffs' futility arguments fail for similar reasons.  To successfully invoke the Eleventh Circuit's narrow futility exception, a participant must show that his "actual efforts at obtaining administrative review have been somehow blocked or impeded by [d]efendants"—not that she can predict what would have happened if actual efforts had been made.[27]  Plaintiffs concede that they made no effort whatsoever to obtain an administrative review of their claims.  And, as Plaintiffs acknowledge, the futility doctrine can only be invoked in the Eleventh Circuit if it is pleaded in the complaint—which Plaintiffs did not do.[28]

_____

abrogated on other grounds by Murphy v. Reliance Standard Life Ins. Co., 247 F.3d 1313 (11th Cir. 2001).

[25] See Response Br. at 10, Dkt. 22 at 14.

[26] See Wallace v. Oakwood Healthcare, Inc., 954 F.3d 879, 888 (6th Cir. 2020) ("Defendant's plan document contains no information about the review procedures or remedies available for denied claims.  In fact, it is actively misleading.").

[27] In re Managed Care Litig., 298 F. Supp. 2d 1259, 1295 (S.D. Fla. 2003); Spivey, 427 F. Supp. 2d at 1155 ("[I]n this Circuit, where a plaintiff has failed to even attempt to obtain administrative review, the futility exception has often been held unavailable as a matter of law.") (collecting cases).

[28] See Response Br. at 10; Dkt. 22 at 14; see also Sanctuary Surgical Centre, Inc., v. United Healthcare, Inc., No. 10–81589–CIV, 2011 WL 2134534, at *9 (S.D. Fla. May 27, 2011) ("To properly plead futility, plaintiffs must allege why exhausting

C.    Plaintiffs' request for a stay would needlessly delay resolution of this case, and the issue has not been properly presented to the Court.

Plaintiffs' response attaches correspondence confirming that Plaintiffs' counsel received the SPD almost a month before they filed this case.[29]  The response confirms that Plaintiffs "review[ed] the documents that were produced by Cumulus [before they] filed suit."[30]  Plaintiffs do not contest what the SPD plainly says: "If you do not file a claim or exhaust the claims review process for any reason, any lawsuit must be filed within 12 months of the date of the conduct at issue in the lawsuit."  Somehow, though, Plaintiffs think they deserve a Mulligan—if the Court "reject[s] Plaintiffs' arguments"—and should be allowed to exhaust the Plan's internal review process rather than face the consequences of their decision to bypass that process.[31]  Plaintiffs suggest that outcome "would be in the interests of judicial economy and conservation of the resources of the parties."[32]

Granting Plaintiffs' request for a do-over would, at a minimum, reward Plaintiffs for ignoring the plain language of the governing Plan documents and binding precedent and encourage other ERISA plaintiffs to only exhaust claims

---

their administrative remedies would be futile and provide sufficient detail to make their claim of futility plausible.").

[29] Dkt. 22-3.

[30] See Response Br. at 4, Dkt. 22 at 8.

[31] See Response Br. at 14–15, Dkt. 22 at 18–19.

[32] See Response Br. at 15, Dkt. 22 at 19.

when compelled to do so.  Neither result is desirable, let alone in the service of judicial economy and conservation of the resources of the parties. A decision enforcing the Plan's limitations period, on the other hand, would serve judicial economy by providing a salutary lesson for others and would preserve the parties' resources by allowing this case to move forward immediately on Plaintiffs' timely claims.

## CONCLUSION

For the reasons set forth above and in Cumulus' opening brief, Cumulus respectfully requests that Plaintiffs' Complaint be dismissed to the extend it purports to bring claims that related to conduct occurring before February 24, 2019.

Submitted this 9th day of July, 2020.

/s/ *David Tetrick, Jr.*
David Tetrick, Jr.
Georgia Bar No. 713653
Darren A. Shuler
Georgia Bar No. 644276
Alexander Gray
Georgia Bar No. 301019
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5138
dtetrick@kslaw.com
dshuler@kslaw.com
alex.gray@kslaw.com

*Counsel for Defendant*
*Cumulus Media Inc.*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing **DEFENDANT CUMULUS MEDIA INC.'s REPLY IN SUPPORT OF ITS MOTION TO DISMISS** was prepared in Times New Roman 14-point font, double-spaced, with a top margin of not less than 1.5 inches and a left margin of not less than 1 inch.

This 9th day of July, 2020.

/s/ *David Tetrick, Jr.*
David Tetrick, Jr.
*Counsel for Cumulus Media Inc.*

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing **DEFENDANT CUMULUS MEDIA INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing and make available the same to all counsel of record:

**JOHNSON FISTEL, LLP**
Michael I. Fistel, Jr.
michaelf@johnsonfistel.com
Georgia Bar No.: 262062
William W. Stone
williams@johnsonfistel.com
Georgia Bar No.: 273907
Mary Ellen Conner
maryellenc@johnsonfistel.com
Georgia Bar No.: 195077
Adam J. Sunstrom
adams@johnsonfistel.com
Georgia Bar No.: 556579
40 Powder Springs Street
Marietta, GA 30064
Telephone: (470) 632-6000
Facsimile: (770) 200-3101

**CAPOZZI ADLER, P.C.**
Mark K. Gyandoh, Esquire
312 Old Lancaster Road
Merion Station, PA 19066
Tel: (610) 890-0200
Fax (717) 233-4103
Email: markg@capozziadler.com

Donald R. Reavey, Esquire
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101

This 9th day of July, 2020.

/s/ *David Tetrick, Jr.*
David Tetrick, Jr.
*Counsel for Cumulus Media Inc.*