IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CARA CHIAPPA, et al., | |
| Plaintiffs, | |
| v. | CIVIL ACTION FILE<br>NO. 1:20-CV-847-TWT |
| CUMULUS MEDIA, INC., et al., | |
| Defendants. | |

## OPINION AND ORDER

This is an ERISA action. It is before the Court on Defendant Cumulus Media Inc.'s Motion to Dismiss [Doc. 19]. For the reasons set forth below, the Court GRANTS Defendant Cumulus Media Inc.'s Motion to Dismiss [Doc. 19].

## I.    Background

The Defendant Cumulus Media Inc. is a leading media and entertainment company that delivers premium content through 428 owned-and-operated radio stations across 87 markets, including nationally syndicated sports, news, talk, and entertainment programming. Compl., at ¶ 19. Cumulus provides its employees the opportunity to save for retirement by participating in the Cumulus Media 401(k) Plan. *Id.* at ¶ 2. The Plan is an Internal Revenue Code 401(k) plan that confers tax benefits on participating employees to incentivize saving for retirement. *Id.* at ¶ 2. Each Plan participant has a separate account, directs how his/her contributions are invested, and bears the

T:\ORDERS\20\Chiappa\mtdtwt.docx

risk of investment loss resulting from his/her exercise of control. *Id.* at ¶ 3.

The Plaintiffs allege that Cumulus is a "named fiduciary" and the "Administrator" of the Plan. *Id.* at ¶ 21. The Plaintiffs Cara Chiappa and Dan Alfonso, individually and on behalf of all others similarly situated, filed their Complaint against Cumulus on February 24, 2020. The Plaintiffs allege that Cumulus breached its fiduciary duties to the participants in the Plan. Compl., at ¶ 11, ¶¶ 117-30. Specifically, the Plaintiffs claim that Cumulus breached its duties of loyalty and prudence by offering an investment menu composed of unduly expensive mutual funds. Compl., at ¶¶ 11, 117-23. The Plaintiffs also maintain that Cumulus failed to monitor or control the allegedly excessive compensation paid to the Plan's recordkeeper. *Id.* The Plaintiffs contend that the Plan and its participants suffered millions of dollars in losses because of these alleged breaches. *Id.* ¶¶ 122, 129.

As required under ERISA, Cumulus issues a Summary Plan Description ("SPD") describing the terms of the Plan in language the average participant can understand. The Plaintiffs received copies of the SPD before filing their Complaint. The SPD describes the internal review process that is available for participants who seek to challenge Cumulus' management of the Plan. The SPD sets forth different limitation periods for lawsuits filed against Cumulus, depending on whether participants have first exhausted the Plan's internal review procedures. The Plan states:

You may file a lawsuit regarding the denial of an appeal after

2

> following the claims and review procedures above. You must file
> any lawsuit within 12 months after the date of the Plan
> Administrator issued its final decision on an appeal. If you do not
> file a claim or exhaust the claims review process for any reason,
> any lawsuit must be filed within 12 months of the date of the
> conduct at issue in the lawsuit (which includes, among other
> things, the date you became entitled to any Plan benefits at issue
> in the lawsuit). If you fail to file a lawsuit within these
> timeframes, you will lose your right to bring the lawsuit at any
> later time.

*Id.* at Section X(C). Under the Plan's limitation provision, a Plan participant who exhausts a claim through the Plan's internal review process has a right to file a lawsuit within one year after the conclusion of the internal review. *Id.* If the Plan participant does not exhaust the Plan's internal review process, his/her lawsuit is limited to conduct that occurred within the year prior to the date on which the lawsuit was filed. *Id.* The Plaintiffs do not dispute that Plaintiff Chiappa's employment at Cumulus ended in August 2012 and she retained her investments in the Cumulus Plan until 2016, when she transferred them into an Individual Retirement Account and cashed out of the Plan. Decl. of Lindy Nodine, at ¶¶ 12-13. The Plaintiffs also do not dispute that Chiappa and Dan Alfonso, whose employment with a Cumulus affiliate ended in May 2019, did not submit any of the claims asserted in the Complaint through the Plan's internal review process. *Id.* at ¶ 15.

## II.    Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft*

*v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985), *cert. denied*, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.

## III.   Discussion

The Court agrees with the Defendant that the Plaintiffs' claims are barred by the terms of the Plan to the extent that they are based on conduct that occurred prior to February 24, 2019, one year before this case was filed. Here, the Plan contains a 12-month limitations period for participants who fail or refuse to exhaust the Plan's administrative process for any reason. Because the Plaintiffs chose not to exhaust their claims before filing this suit, the terms

of the Plan documents bar the Plaintiffs' claim based on conduct more than one year prior to the filing of the Complaint.

Courts may consider the terms of Plan documents when ruling on a Motion to Dismiss when they are central to the pleadings and undisputed in the sense that the authenticity of the document is not challenged. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Contractual limitations periods in ERISA plan documents are enforceable so long as they are reasonable, even where those contractual provisions shorten an otherwise applicable limitations period. *See Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 105–06 (2013); *Northlake Reg'l Med. Ctr. v. Waffle House Sys. Emp. Benefit Plan*, 160 F.3d 1301, 1302–04 (11th Cir. 1998) (enforcing limitations period that shortens otherwise applicable 4-year period to 90 days). The Court must give effect to the Plan's limitations provision unless it determines either that the period is unreasonably short or that a controlling statute prevents the limitations provisions from taking effect. *Heimeshoff*, 571 U.S. at 109. In *Northlake Reg'l Med. Ctr.*, the Eleventh Circuit enforced a 90-day limitations period prescribed by the Defendant's System Employee Benefit Plan because there was no evidence that the Plan's limitations period was a subterfuge to lawsuits, the limitation period was commensurate with other Plan provisions; and the suit followed completion of an ERISA-required internal appeals process. 160 F.3d at 1302–04.

5

Here, the Plan's one-year period only applies to situations where the Plan participant chooses not to submit his or her claims to the administrative process. Most of the Plaintiffs' Response focuses on why the Court should excuse the Plaintiffs from exhausting their administrative remedies. The Plaintiffs also state that enforcement of the Plan's one-year limitations period for unexhausted claims would be "particularly egregious" because the otherwise applicable repose period is six years and that doing so would "conflict with ERISA and strong judicial policy." Response, at 11-14. Recently in *Secretary, U.S. Dept. of Labor v. Preston*, 873 F.3d 877 (11th Cir. 2017), the Eleventh Circuit held that the six-year repose period contained in ERISA Section 413(1) may be waived and thus extended by agreement. The court distinguished ERISA's limitations provisions from limitations periods in other federal statutes that include substantive rights that may not be prospectively waived, emphasizing that an ERISA plan is nothing more than a contract. *Id*. In *Heimeshoff*, the United States Supreme Court also noted that a "controlling statute to the contrary" means an express statutory prohibition against agreements that substitute a shorter limitation period. 571 U.S. at 107. Here, an express statutory prohibition against a shorter limitations period does not exist. The Plaintiffs fail to identify how the contractual limitations would conflict with ERISA, especially when the one-year period only applies when the Plan participant chooses not to submit his or her claims through the administrative process. Thus, the Court finds that any allegations concerning

6

conduct occurring before February 24, 2019 are time-barred and dismissed for failure to state a claim.

The Court also agrees with the Defendant that Plaintiff Chiappa should be dismissed for lack of standing because she ceased to be a Plan participant in 2016. The Plaintiffs concede that if the Court enforces the Plan's limitations provision then Chiappa lacks standing. To establish statutory standing under ERISA, a plaintiff must be a plan participant beneficiary, fiduciary or the Secretary of Labor. *See In re ING Groep, N.V. ERISA Litigation*, 749 F. Supp. 2d 1338, 1345 (N.D. Ga. March 31, 2010). Since Chiappa stopped participating in the Plan in 2016 and ceased to hold any investment in the Plan from that point forward, Chiappa is not a "participant" under ERISA from 2016 forward and lacks statutory standing to advance claims based on alleged ERISA violations that occurred after 2016. Because the Plaintiffs' claims are limited to the period from February 24, 2019 forward, Chiappa lacks standing to assert any timely claim. Thus, the Court dismisses Plaintiff Chiappa from this suit.

## IV.   Conclusion

For the reasons stated above, this Court GRANTS Defendant Cumulus Media Inc.'s Motion to Dismiss [Doc. 19] with respect to the Plaintiff Chiappa and any claims arising prior to February 24, 2019.

T:\ORDERS\20\Chiappa\mtdtwt.docx

SO ORDERED, this 16 day of December, 2020.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

T:\ORDERS\20\Chiappa\mtdtwt.docx